JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Appellant Darlene M. Ignasiak ("Ignasiak") appeals from a decision of the Cuyahoga County Court of Common Pleas affirming the findings of the Unemployment Compensation Review Commission ("the Commission") that she quit her employment without just cause. For the following reasons, we reverse.
 {¶ 3} The record upon appeal reveals the following facts: Ignasiak worked for Pavlick's Fleet Service ("Pavlick") from February 1998 through September 15, 2000, as an administrative assistant. Pavlick was a towing, truck equipment and repair business.
 {¶ 4} On Friday, September 15, 2000, Ignasiak improperly entered data in the computer for purposes of inventory control. When she arrived home Friday evening, there was a message on her answering machine requesting that she call Dean Martin ("Martin"), one of the owners of Pavlick. Martin asked Ignasiak about the error and requested that she come in the following morning to correct the error. Ignasiak refused, telling Martin that she had a doctor's appointment that morning. Ignasiak claims that Martin told her that if she did not show up at work the following morning to fix the error, she should "not bother coming back." Martin denies saying this and claims that he merely told Ignasiak they would talk about it on Monday.
 {¶ 5} That evening, another worker put in overtime to correct the entries. Ignasiak, meanwhile, believing that she had been discharged from her employment, came to the office and collected her belongings.
 {¶ 6} On September 18, 2000, Ignasiak applied for unemployment compensation with the Ohio Department of Job and Family Services ("ODJFS").
 {¶ 7} On September 20, 2000, Pavlick mailed a letter to Ignasiak noting her absence from work and requesting her to inform him of her work status: "if" she was terminating her employment, he wanted a letter of resignation. In response to the letter, Ignasiak sent a letter stating that she had not returned to work because Martin told her not to.
 {¶ 8} On October 13, 2000, ODJFS disallowed Ignasiak's claim for unemployment compensation on the ground that Ignasiak quit her job without just cause. Ignasiak's request for a redetermination was subsequently denied. She, thereafter, appealed ODJFS's denial to the Commission. After a hearing on December 7, 2000, which Pavlick did not attend, the hearing officer issued a decision allowing Ignasiak to receive benefits.
 {¶ 9} On December 19, 2000, Pavlick filed a request for review, stating that he was ill for the December 7th hearing. On March 20, 2001, another hearing was held. Both Ignasiak and Pavlick attended. Following this hearing, the Commission reversed the hearing officer's decision and held that Ignasiak quit work without just cause. On May 10, 2001, Ignasiak appealed the Commission's decision to the Court of Common Pleas. On July 10, 2002, the trial court affirmed the Commission's decision to disallow Ignasiak's request for unemployment compensation benefits. Ignasiak now appeals the trial court's order to this Court and raises one assignment of error.
 {¶ 10} "I. The court erred in affirming the decision of the Board's [sic] and dismissing appellant's appeal because the Board's decision was unlawful, unreasonable and against the manifest weight of the evidence since, although the Board found that claimant had not been discharged for cause, and reasonably understood herself to have beendischarged, the Board imposed a non-existent duty on claimant to investigate a subsequent ambiguous communications from her former employer, even where the possibility of re-employment was unclear from that communication."
 {¶ 11} In this assignment of error, Ignasiak argues that the hearing officer's conclusion that she had resigned without just cause was unreasonable and against the manifest weight of the evidence. We agree.
 {¶ 12} Upon appeal of a Commission decision, a reviewing court must affirm the Commission's decision unless the decision is unlawful, unreasonable, or against the manifest weight of the evidence. See R.C.4141.28(0)(1); Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Servs.
(1995), 73 Ohio St.3d 694, 696. Under this standard of review, the reviewing court is not permitted to make factual findings or determine the credibility of witnesses, but may determine whether the Commission's decision is supported by the evidence in the record. Irvine v.Unemployment Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15, 18.
 {¶ 13} Under R.C. 4141.29(D), an employee who is fired from work for just cause is ineligible to receive unemployment benefits. Ford MotorCo. v. Ohio Bur. of Emp. Servs. (1991), 59 Ohio St.3d 188, 189. "Just cause" is that which would lead a person of ordinary intelligence to conclude that the circumstances justify terminating the employment relationship. Durgan v. Ohio Bur. of Emp. Serv. (1996),110 Ohio App.3d 545, 549; Irvine, 19 Ohio St.3d 15, at 17.
 {¶ 14} Here, the facts of the case are generally agreed upon. Martin demanded that Ignasiak return to work on Saturday morning to correct data entry errors in the inventory program. Ignasiak informed Martin that she was unable to do so due to a previously scheduled doctor's appointment. Although Martin disputes the facts at this point, the hearing officer determined that Martin advised Ignasiak that if she did not come in to correct the errors she should "not bother coming back."
 {¶ 15} Notwithstanding this finding of fact, the hearing officer determined that Ignasiak quit her employment with Pavlick without just cause and disallowed employment benefits. This decision was based on Pavlick's letter to Ignasiak inquiring as to her work status when she did not return to work.[1] However, we find that Martin had already effectively terminated Ignasiak's employment in the phone conversation several days prior. Indeed, believing that her employment had been terminated, Ignasiak retrieved her belongings and did not return to work the following week. Accordingly, we find that the Commission's decision that Ignasiak quit her employment without just cause is not supported by the evidence in the record and, in particular, its specific finding that Martin informed Ignasiak not to return to work.
 {¶ 16} Ignasiak's assignment of error is overruled and the judgment of the trial court is reversed.
Judgment reversed.
It is ordered that appellant recover of appellees her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] Moreover, this Court notes that the contents of Pavlick's letter to Ignasiak seem a bit ingenious in light of the fact that Martin did not contact Ignasiak on the next scheduled work day, Monday, September 18, 2000, but sent her the letter on September 20, 2000, two days after Ignasiak had already applied for unemployment compensation with the ODJFS.